AMANDA THOMASSON, ET AL., *v.* WOODWARD GREER, ET AL.

**Descent of Real Estate.**

> Where heirs inherit real estate the county court has no power to divest their title to the land and give to them a slave in lieu of it.

**Infant's Election.**

> When infants arrive at legal age they have a right to elect whether to be bound by that which was illegally done during their minority, or repudiate the same.

APPEAL FROM BARREN CIRCUIT COURT.

November 8, 1877.

OPINION BY JUDGE COFER:

If the facts be conceded to be as the appellees' claim they were, we are nevertheless of the opinion that they failed to make good their defense.

That the title to the land owned by Isaiah Greer at the time of his death descended to his heirs-at-law cannot be denied. The appellants were heirs, and collectively inherited the title to one-eighth of the land. They could not be divested of that title by a county court division, even if regularly ordered and made.

The only jurisdiction and power possessed by the county court was to divide the estate in kind. It had no power to divest the title of any one of the heirs to his share of the land. All it could do was to set apart in severalty the shares of each. This it did not attempt to do, but instead attempted, or rather its commissioners attempted, to divest the appellants of their title to the land and to give them the slave, Maria, in lieu of it.

This action of the commissioners, even if they had been directed to divide the whole estate, and their action had been regularly reported to the court and confirmed, would have been a nullity so far as it attempted to divest the appellants of the title which had descended to them.

But if this were otherwise, the appellees would still fail in their defense. They do not exhibit an order of the court directing the commissioners to divide the estate. The only order shown was to allot dower, and the absence of the order to divide cannot be supplied by parol evidence of the most positive and convincing character, much less by the vague and uncertain recollection of a witness after the lapse of more than twenty years. And if an order directing the commissioners to divide the whole estate were exhibited, there was no report of their action, and what they did was never approved by the court.

That the appellants' mother and guardian approved what the commissioners did, and took possession of and retained the slave allotted to her wards, cannot operate to divest their title to all interest in the land. The eldest of the appellants did not attain her majority until July, 1865, which was after slaves had ceased to be of any value, and only a few months before they were declared free by the proclaimed adoption of the 13th article of amendments to the Constitution of the United States. The appellants cannot, therefore, be held to have acquiesced in the alleged division so as to be bound by it.

The appellees are in no way responsible for the abortive attempt to divide the estate, and it may be that if slaves had not been emancipated this suit would never have been brought; and it may also be true that if the appellees had been disposed to disregard the division

and had sued when these appellants did, they would have been barred by the adverse holding of Maria by the appellants' guardian. But if so it would have been because they had attained their majority more than five years before suit brought, and not because the division was originally binding on them. They, also were infants when it was made, and were not bound by it.

But whatever may be the equities of the case, the appellants assert a clear legal right, and it is one of the rights of infancy to elect in such a case whether to be bound by that which was illegally done during minority, whether it was at the time advantageous to them or not.

But they are only entitled to one-eighth of the land. If they elect to treat the division as null, and to assert their legal rights, they must be content with such rights as the law gives them.

It does not appear that there was not enough personal estate, including the slaves, to make the other heirs equal with James. If there were, then the law required that it should be so used, and that the land should be allowed to remain for division among all the heirs of the ancestor. The statute of limitations does not bar this action. The eldest of the appellants attained her majority in July, 1865; and this suit was commenced in September, 1874.

Judgment *reversed,* and cause remanded for a judgment in conformity with this opinion.

*Bales & McQuown, Jones & Jones, for appellants.*
*Lewis & Porter, for appellees.*